NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff - Appellant,<br><br>　　v.<br><br>VICKIE MADRID, MSW,<br><br>　　　　Defendant - Appellee. | No. 14-15907<br><br>D.C. No. 1:13-cv-02104-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted June 22, 2015[***]

Before:　　HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

　　Michael B. Williams, a pre-trial civil detainee under California's Sexually

Violent Predators ("SVP") Act, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations.　We

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　Williams consented to proceed before a magistrate judge.　See 28 U.S.C. § 636(c).

　　[***]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm.

The district court properly dismissed Williams's action because Williams failed to allege facts sufficient to state any cognizable claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Allen v. Illinois*, 478 U.S. 364, 368-70 (1986) (sexually-dangerous-person commitment proceedings are not "criminal" within the meaning of the Fifth Amendment's guarantee against compulsory self-incrimination); *Inouye v. Kemna*, 504 F.3d 705, 712 n.7 (9th Cir. 2007) (test for Establishment Clause violation); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim).

**AFFIRMED.**